UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(BALTIMORE DIVISION)

**LANDRIE A. LOVE**
**449 N. Luzerne Avenue,**
**Baltimore, MD 21224**

     **Plaintiff,**                                     Civil Action No.: 1:23-cv-2632

v.

**WAYFAIR, LLC**
**4 Copley Place,**
**Boston, MA 02116**

     **Defendant.**

---

## COMPLAINT
---

Plaintiff Landrie A. Love, and for his compliant against Wayfair LLC, and respectfully states as follows:

### PARTIES

1. Plaintiff Landrie A. Love is a resident of the state of Maryland.

2. Defendant Wayfair LLC is a business headquartered in the state of Massachusetts.

### JURISDICTION AND VENUE

3. This Court has jurisdiction over Plaintiff's claims under 28 U.S.C. § 1331 as this action involves a federal question and 28 U.S.C. § 1332.

4. Venue is proper under 28 U.S.C. § 1391(b) because Defendants conduct business and can be found in this judicial district.

5. The events giving rise to the claims in this action occurred in this judicial district.

6. Plaintiff has exhausted all administrative remedies with the Equal Employment Opportunity Commission and is in possession of a Notice of Right to Sue.

## FACTUAL BACKGROUND

7. Defendant Wayfair LLC is an e-commerce/internet retail company engaged in the business of online retail store operations, with a wide range of products that mostly include housewares.

8. Plaintiff Landrie A. Love is a former employee of the Defendant, who was hired by the Defendant on or about November 21, 2022.

9. Love worked on the forklifts at Wayfair's location in Aberdeen, Maryland in Harford County, Maryland. Love was supervised by "Javon."

10. On or about February 16, 2023, Love sustained severe head and neck injuries while operating the forklift.

11. After the incident, Javon instructed Love to file an incident report. But Javon also stated that if Love were to file for worker's compensation, Love would lose his job.

12. Following the incident, Love filed an incident report and proceeded to file for worker's compensation.

13. On or about February 17, 2022, Love visited the emergency room for medical treatment.

14. The doctor examined Love's injuries and diagnosed Love with a concussion without loss of consciousness. The concussion substantially impaired or limited Love's ability to perform manual tasks or work, thinking, and sleeping.

15. Following the doctor's recommendations, Love contacted his supervisor and the Human Resource Department of the Defendant respectively and provided them the doctor's note detailing the seriousness of the injury and recommendation that Love take several days off from work to recover from his injuries.

16. Upon advice from his doctor, Love took off work from work to recover from his injury.

17. On February 22, 2023, Love returned to work and his supervisor assigned him to work in the receiving department. Love's supervisor stated that there was little work to be done on the forklift.

18. Later that day, Love's supervisor told Love that he could no longer work on the forklift and that his pay would be reduced.

19. On February 22, 2023, Love began experiencing severe head pains due to the concussion. Love went back to the doctor.

20. On or about February 22, 2023, the doctor gave Plaintiff an accommodation note stating that Love be assigned only light duty.

21. On or about February 22, 2023, Plaintiff emailed the light duty accommodation note to Wayfair Human Resources.

22. On February 24, 2023, Wayfair Human Resource acknowledged receipt of the light duty accommodation note recommendation for Love and that it had been forwarded to worker's compensation.

23. On February 24, 2023, Wayfair Human Resource Department of the Defendant Informed Love that he had been terminated henceforth, without giving Love any reasonable accommodations to perform the essential functions of his position, in compliance with ADA requirements, thereby hindering Plaintiff's ability to perform his job.

## CAUSES OF ACTION

### Count 1: Americans with Disabilities Act
*Disability Discrimination*

24. Plaintiff incorporates every preceding paragraph as alleged above.

25. Plaintiff was subject to discriminatory termination based on Plaintiff's disability.

26. WHEREFORE, Plaintiff prays for nominal damages; compensatory damages, in an amount to be determined at trial; punitive damages, in an amount to be determined at trial; attorney's fees and the costs of this litigation; back pay, front pay, and future benefits, as may be appropriate; pre- and post-judgment interest; and any other relief the Court deems necessary and appropriate.

## Count 2: Americans with Disabilities Act
### *Retaliation*

27. Plaintiff incorporates every preceding paragraph as alleged above.

28. Plaintiff engaged in protected activity after requesting reasonable accommodation.

29. Plaintiff was subsequently terminated because of the protected activity.

30. WHEREFORE, Plaintiff prays for nominal damages; compensatory damages, in an amount to be determined at trial; punitive damages, in an amount to be determined at trial; attorney's fees and the costs of this litigation; back pay, front pay, and future benefits, as may be appropriate; pre- and post-judgment interest; and any other relief the Court deems necessary and appropriate.

## Count 3: Americans with Disabilities Act
### *Failure to Accommodate*

31. Plaintiff incorporates every preceding paragraph as alleged above.

32. Plaintiff could perform the functions of his position, with or without, accommodations.

33. Defendant failed to engage in the interactive process, and instead terminated Plaintiff.

    WHEREFORE, Plaintiff prays for nominal damages; compensatory damages, in an amount to be determined at trial; punitive damages, in an amount to be determined at trial; attorney's fees and the costs of this litigation; back pay, front pay, and future benefits, as may be appropriate; pre- and post-judgment interest; and any other relief the Court deems necessary and appropriate.

## Count 4: Maryland Workers' Compensation Act
### *Wrongful Termination*

34. Plaintiff incorporates every preceding paragraph as alleged above.

35. Plaintiff engaged in protected activity by filing a worker's compensation claim for his injuries, and he was subsequently terminated in retaliation for engaging in this protected activity in violation of Maryland Code, Labor and Employment, § 9-1105.

36. WHEREFORE, Plaintiff prays for nominal damages; compensatory damages, in an amount to be determined at trial; punitive damages, in an amount to be determined at trial; attorney's fees and the costs of this litigation; back pay, front pay, and future benefits, as may be appropriate; pre- and post-judgment interest; and any other relief the Court deems necessary and appropriate.

## JURY DEMAND

## PLAINTIFF DEMANDS TRIAL BY JURY

Dated: September 27, 2023

        By: */s/Ikechukwu Emejuru*
        Ikechukwu Emejuru
        **Emejuru Law L.L.C.**
        8403 Colesville Road
        Suite 1100
        Silver Spring, MD 20910
        Telephone: (240) 638-2786
        Facsimile: (240)-250-7923
        iemejuru@emejurulaw.com