IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

LANDRIE A. LOVE,

    Plaintiff,

  v.

WAYFAIR, LLC,

    Defendant.

Case No. 1:23-cv-02632-RDB

## ANSWER TO COMPLAINT

Defendant WAYFAIR, LLC, ("Wayfair" or "Defendant") by and through its attorneys, Seyfarth Shaw LLP, hereby submits its Answer to Plaintiff's Complaint as follows:

### PARTIES

**COMPLAINT ¶1:**

Plaintiff Landrie A. Love is a resident of the state of Maryland.

**ANSWER:**

Wayfair is without sufficient information to admit or deny, and therefore denies the allegations contained in Paragraph 1 of the Complaint.

**COMPLAINT ¶2:**

Defendant Wayfair LLC is a business headquartered in the state of Massachusetts.

**ANSWER:**

Wayfair admits that it is a business and that its corporate headquarters is located in the Commonwealth of Massachusetts. Wayfair denies the remaining allegations contained in Paragraph 2 of the Complaint.

## JURISDICTION AND VENUE

### COMPLAINT ¶3:

This Court has jurisdiction over Plaintiff's claims under 28 U.S.C. 1331 as this action involves a federal question and 28 U.S.C. 5 1332.

### ANSWER:

The allegations contained in Paragraph 3 of the Complaint are conclusions of law or mixed conclusions of law and fact to which no answer is required. To the extent an answer is required, Wayfair denies the allegations contained in Paragraph 3 of the Complaint.

### COMPLAINT ¶4:

Venue is proper under 28 U.S.C. § 1391(b) because Defendants conduct business and can be found in this judicial district.

### ANSWER:

Wayfair admits that it conducts business in this judicial district. The remaining allegations contained in Paragraph 4 of the Complaint are conclusions of law or mixed conclusions of law and fact to which no answer is required. To the extent an answer is required, Wayfair denies the remaining allegations contained in Paragraph 4 of the Complaint.

### COMPLAINT ¶5:

The events giving rise to the claims in this action occurred in this judicial district.

### ANSWER:

The allegations contained in Paragraph 5 of the Complaint are conclusions of law or mixed conclusions of law and fact to which no answer is required. To the extent an answer is required, Wayfair denies the allegations contained in Paragraph 5 of the Complaint, and denies that it violated any law and that Plaintiff is entitled to any relief.

### COMPLAINT ¶6:

Plaintiff has exhausted all administrative remedies with the Equal Employment Opportunity Commission and is in possession of a Notice of Right to Sue.

**ANSWER:**

Wayfair is without sufficient information to admit or deny whether Plaintiff "is in possession of a Notice of Right to Sue," and therefore denies this allegation contained in Paragraph 6 of the Complaint. The remaining allegations contained in Paragraph 6 of the Complaint are conclusions of law or mixed conclusions of law and fact to which no answer is required. To the extent an answer is required, Wayfair denies the remaining allegations contained in Paragraph 6 of the Complaint.

## FACTUAL BACKGROUND

**COMPLAINT ¶7:**

Defendant Wayfair LLC is an e-commerce/internet retail company engaged in the business of online retail store operations, with a wide range of products that mostly include housewares.

**ANSWER:**

Wayfair admits the allegations contained in Paragraph 7 of the Complaint.

**COMPLAINT ¶8:**

Plaintiff Landrie A. Love is a former employee of the Defendant, who was hired by the Defendant on or about November 21, 2022.

**ANSWER:**

Wayfair admits the allegations contained in Paragraph 8 of the Complaint.

**COMPLAINT ¶9:**

Love worked on the forklifts at Wayfair's location in Aberdeen, Maryland in Harford County, Maryland. Love was supervised by "Javon."

**ANSWER:**

Wayfair admits that Plaintiff's position was a Warehouse Associate, that he operated machinery in the course of his employment, and that he worked at Wayfair's location in Aberdeen, Maryland. Wayfair further admits that Plaintiff was supervised by Javon Williams,

among other Wayfair employees.  Wayfair denies the remaining allegations contained in

Paragraph 9 of the Complaint.

**COMPLAINT ¶10:**

On or about February 16, 2023, Love sustained severe head and neck injuries while operating the forklift.

**ANSWER:**

Wayfair admits that on or about February 16, 2023, Plaintiff was involved in an accident

while operating a forklift.  Wayfair is without sufficient information to admit or deny, and

therefore denies the remaining allegations contained in Paragraph 10 of the Complaint.

**COMPLAINT ¶11:**

After the incident, Javon instructed Love to file an incident report. But Javon also stated that if Love were to file for worker's compensation, Love would lose his job.

**ANSWER:**

Wayfair denies the allegations contained in Paragraph 11 of the Complaint.

**COMPLAINT ¶12:**

Following the incident, Love filed an incident report and proceeded to file for worker's compensation.

**ANSWER:**

Wayfair is without sufficient information to admit or deny, and therefore denies that

"Love filed an incident report," but admits the remaining allegations contained in Paragraph 12

of the Complaint.

**COMPLAINT ¶13:**

On or about February 17, 2022, Love visited the emergency room for medical treatment.

**ANSWER:**

Wayfair is without sufficient information to admit or deny, and therefore denies the

allegations contained in Paragraph 13 of the Complaint.

- 4 -

**COMPLAINT ¶14:**

The doctor examined Love's injuries and diagnosed Love with a concussion without loss of consciousness. The concussion substantially impaired or limited Love's ability to perform manual tasks or work, thinking, and sleeping.

**ANSWER:**

Wayfair is without sufficient information to admit or deny, and therefore denies the allegations contained in Paragraph 14 of the Complaint.

**COMPLAINT ¶15:**

Following the doctor's recommendations, Love contacted his supervisor and the Human Resource Department of the Defendant respectively and provided them the doctor's note detailing the seriousness of the injury and recommendation that Love take several days off from work to recover from his injuries.

**ANSWER:**

Wayfair is without sufficient information to admit or deny what Plaintiff did "following the doctor's recommendations," and therefore denies these allegations contained in Paragraph 15 of the Complaint.  Wayfair denies the remaining allegations contained in Paragraph 15 of the Complaint.

**COMPLAINT ¶16:**

Upon advice from his doctor, Love took off work from work to recover from his injury.

**ANSWER:**

Wayfair admits that Plaintiff did not appear for work on February 17 and 18, 2023. Wayfair is without sufficient information to admit or deny, and therefore denies the remaining allegations contained in Paragraph 16 of the Complaint.

**COMPLAINT ¶17:**

On February 22, 2023, Love returned to work and his supervisor assigned him to work in the receiving department. Love's supervisor stated that there was little work to be done on the forklift.

**ANSWER:**

305870491v.3

Wayfair admits that Plaintiff came to work on February 22, 2023, that he requested to drive a forklift that day, and that Javon Williams told him he had to work in the receiving department until the investigation into his accident was completed. Wayfair further admits that on February 22, 2023, Plaintiff worked a full shift in the receiving department. Wayfair denies the remaining allegations contained in Paragraph 17 of the Complaint.

## COMPLAINT ¶18:

Later that day, Love's supervisor told Love that he could no longer work on the forklift and that his pay would be reduced.

### ANSWER:

Wayfair admits that on February 23, 2023, Grant Lee, then-Site Director, told Plaintiff that he was not able to operate equipment due to the severity of his accident. Wayfair further admits that Mr. Lee told Plaintiff that he would not receive SEO pay since he was not operating equipment, and that in response, Plaintiff told Mr. Lee that he was quitting. Wayfair denies the remaining allegations contained in Paragraph 18 of the Complaint, as stated.

## COMPLAINT ¶19:

On February 22, 2023, Love began experiencing severe head pains due to the concussion. Love went back to the doctor.

### ANSWER:

Wayfair is without sufficient information to admit or deny, and therefore denies the allegations contained in Paragraph 19 of the Complaint.

## COMPLAINT ¶20:

On or about February 22, 2023, the doctor gave Plaintiff an accommodation note stating that Love be assigned only light duty.

### ANSWER:

Wayfair is without sufficient information to admit or deny, and therefore denies the allegations contained in Paragraph 20 of the Complaint.

**COMPLAINT ¶21:**

On or about February 22, 2023, Plaintiff emailed the light duty accommodation note to Wayfair Human Resources.

**ANSWER:**

Wayfair is without sufficient information to admit or deny, and therefore denies the allegations contained in Paragraph 21 of the Complaint.

**COMPLAINT ¶22:**

On February 24, 2023, Wayfair Human Resource acknowledged receipt of the light duty accommodation note recommendation for Love and that it had been forwarded to worker's compensation.

**ANSWER:**

Wayfair is without sufficient information to admit or deny, and therefore denies the allegations contained in Paragraph 22 of the Complaint.

**COMPLAINT ¶23:**

On February 24, 2023, Wayfair Human Resource Department of the Defendant Informed Love that he had been terminated henceforth, without giving Love any reasonable accommodations to perform the essential functions of his position, in compliance with ADA requirements, thereby hindering Plaintiff's ability to perform his job.

**ANSWER:**

Wayfair admits that Plaintiff's employment was terminated on or about February 24, 2023 for violations of Wayfair's Attendance Policy. Wayfair denies the remaining allegations contained in Paragraph 23 of the Complaint.

## CAUSES OF ACTION

### Count 1: Americans with Disabilities Act
#### *Disability Discrimination*

**COMPLAINT ¶24:**

Plaintiff incorporates every preceding paragraph as alleged above.

**ANSWER:**

Wayfair restates and realleges its responses to the foregoing Paragraphs of the Complaint

as if fully restated herein.

**COMPLAINT ¶25:**

Plaintiff was subject to discriminatory termination based on Plaintiff's disability.

**ANSWER:**

Wayfair denies the allegations contained in Paragraph 25 of the Complaint.

**COMPLAINT ¶26:**

WHEREFORE, Plaintiff prays for nominal damages; compensatory damages, in an amount to be determined at trial; punitive damages, in an amount to be determined at trial; attorney's fees and the costs of this litigation; back pay, front pay, and future benefits, as may be appropriate; pre- and post-judgment interest; and any other relief the Court deems necessary and appropriate.

**ANSWER:**

The allegations contained in Paragraph 26 of the Complaint are allegations to which no

response is required.  Insofar as an answer may be deemed necessary, Wayfair denies Plaintiff is

owed any monies and denies that Plaintiff is entitled to any damages, costs, or other relief.

### Count 2: Americans with Disabilities Act
#### *Retaliation*

**COMPLAINT ¶27:**

Plaintiff incorporates every preceding paragraph as alleged above.

**ANSWER:**

305870491v.3

Wayfair restates and realleges its responses to the foregoing Paragraphs of the Complaint as if fully restated herein.

**COMPLAINT ¶28:**

Plaintiff engaged in protected activity after requesting reasonable accommodation.

**ANSWER:**

Wayfair denies the allegations contained in Paragraph 28 of the Complaint.

**COMPLAINT ¶29:**

Plaintiff was subsequently terminated because of the protected activity.

**ANSWER:**

Wayfair denies the allegations contained in Paragraph 29 of the Complaint.

**COMPLAINT ¶30:**

WHEREFORE, Plaintiff prays for nominal damages; compensatory damages, in an amount to be determined at trial; punitive damages, in an amount to be determined at trial; attorney's fees and the costs of this litigation; back pay, front pay, and future benefits, as may be appropriate; pre- and post-judgment interest; and any other relief the Court deems necessary and appropriate.

**ANSWER:**

The allegations contained in Paragraph 30 of the Complaint are allegations to which no response is required. Insofar as an answer may be deemed necessary, Wayfair denies Plaintiff is owed any monies and denies that Plaintiff is entitled to any damages, costs, or other relief.

**Count 3: Americans with Disabilities Act**
*Failure to Accommodate*

**COMPLAINT ¶31:**

Plaintiff incorporates every preceding paragraph as alleged above.

**ANSWER:**

Wayfair restates and realleges its responses to the foregoing Paragraphs of the Complaint as if fully restated herein.

305870491v.3

**COMPLAINT ¶32:**

Plaintiff could perform the functions of his position, with or without, accommodations.

**ANSWER:**

Wayfair denies the allegations contained in Paragraph 32 of the Complaint.

**COMPLAINT ¶33:**

Defendant failed to engage in the interactive process, and instead terminated Plaintiff.

WHEREFORE, Plaintiff prays for nominal damages; compensatory damages, in an amount to be determined at trial; punitive damages, in an amount to be determined at trial; attorney's fees and the costs of this litigation; back pay, front pay, and future benefits, as may be appropriate; pre- and post-judgment interest; and any other relief the Court deems necessary and appropriate.

**ANSWER:**

Wayfair denies the allegations contained in the first sentence of Paragraph 33 of the

Complaint.  The  remaining allegations contained in Paragraph 33 of the Complaint are

allegations to which no response is required.  Insofar as an answer may be deemed necessary,

Wayfair denies Plaintiff is owed any monies and denies that Plaintiff is entitled to any damages,

costs, or other relief.

**Count 4: Maryland Workers' Compensation Act**
***Wrongful Termination***

**COMPLAINT ¶34:**

Plaintiff incorporates every preceding paragraph as alleged above.

**ANSWER:**

Wayfair restates and realleges its responses to the foregoing Paragraphs of the Complaint

as if fully restated herein.

**COMPLAINT ¶35:**

Plaintiff engaged in protected activity by filing a worker's compensation claim for his injuries, and he was subsequently terminated in retaliation for engaging in this protected activity in violation of Maryland Code, Labor and Employment, § 9-1105.

**ANSWER:**

Wayfair denies the allegations contained in Paragraph 25 of the Complaint.

**COMPLAINT ¶36:**

WHEREFORE, Plaintiff prays for nominal damages; compensatory damages, in an amount to be determined at trial; punitive damages, in an amount to be determined at trial; attorney's fees and the costs of this litigation; back pay, front pay, and future benefits, as may be appropriate; pre- and post-judgment interest; and any other relief the Court deems necessary and appropriate.

**ANSWER:**

The allegations contained in Paragraph 36 of the Complaint are allegations to which no response is required.  Insofar as an answer may be deemed necessary, Wayfair denies Plaintiff is owed any monies and denies that Plaintiff is entitled to any damages, costs, or other relief.

Any other allegations set forth in the Complaint that have not heretofore been admitted or denied are hereby specifically and fully denied.

## JURY DEMAND

PLAINTIFF DEMANDS TRIAL BY JURY

**ANSWER:**

Defendant admits Plaintiff requests a jury trial on all questions of fact raised by his complaint.

## AFFIRMATIVE AND OTHER DEFENSES

By pleading the following Affirmative Defenses, Wayfair does not concede that each of the matters covered by the numbered defenses is to be proven by it, and Wayfair reserves its position that Plaintiff retains the burden of proof on all matters necessary to state the claims asserted in the Complaint and to establish his alleged damages.  Wayfair also specifically reserves the right to amend its Answer with additional affirmative defenses and/or counterclaims as additional investigation, discovery and circumstances may warrant.

1.      Plaintiff's Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

2.      If Plaintiff has sustained any damages, although such is not admitted hereby or herein and is specifically denied, Wayfair is entitled under the equitable doctrine of setoff and/or recoupment to offset all compensation, time off, benefits or other appropriate amounts against any judgment that may be entered against Wayfair.

3.      Any claims for punitive damages are barred because the alleged acts or omissions of Wayfair fails to rise to the level required to sustain an award of punitive damages, do not evidence a malicious, reckless or fraudulent intent to deny Plaintiff his protected rights and are not so wanton or willful as to support an award of punitive damages.

4.      Plaintiff's claims are barred, in whole or in part, to the extent he failed to mitigate damages properly.

5.      Wayfair states that any actions taken against Plaintiff were taken for legitimate business reasons.

6.      Wayfair expressly denies that any of its employees, officers, or agents acted in any manner that would constitute a violation of any law as alleged in Plaintiff's Complaint; however, if Plaintiff's rights were violated, any such violation occurred outside the scope of employment and without the consent of Wayfair.   Wayfair did not and does not authorize, condone, ratify, or tolerate violation of the Americans with Disabilities Act or Maryland Workers' Compensation Act but instead prohibited and prohibits it, and any such conduct may not be attributed to Wayfair through principles of agency, respondeat superior, or otherwise.

7.      Plaintiff's claims are barred in whole or in part because Plaintiff is/was not a qualified individual with a disability.

305870491v.3

8.      Plaintiff's claims are barred in whole or in part because Plaintiff did not request a reasonable accommodation.

9.      Plaintiff's claims are barred in whole or in part because even assuming, *arguendo*, that Plaintiff did request an accommodation, it was not reasonable.

10.     Plaintiff's claims are barred in whole or in part because even assuming, *arguendo,* that Plaintiff did request an accommodation, his requested accommodation caused or would have caused an undue hardship.

11.     Plaintiff's claims are barred in whole or in part because even assuming, *arguendo*, that Plaintiff requested an accommodation, he failed to participate in the interactive process.

12.     Plaintiff's claims are barred in whole or in part because Plaintiff could not satisfy the essential functions, requirements, or requisites of his job with or without an accommodation.

13.     Plaintiff's claims are barred in whole or in part because Wayfair had no duty to provide an accommodation to Plaintiff.

Wayfair specifically reserves the right to amend this Answer by adding additional affirmative defenses and/or counterclaims as additional investigation, discovery and circumstances may warrant.

WHEREFORE, Wayfair prays that:

1.      Plaintiff's Complaint be dismissed with prejudice in its entirety and that judgment be entered in Defendant's favor.

2.      The Court deny Plaintiff's requested relief.

3.      The Court award Wayfair its costs and attorneys' fees.

4.      The Court award Wayfair such other and further relief as it deems just and proper.

Dated: November 16, 2023

Respectfully submitted,

WAYFAIR, LLC

*By: /s/ Raymond C. Baldwin*
Raymond C. Baldwin (Bar No. 25449)
rbaldwin@seyfarth.com
Samantha L. Brooks (Bar No. 20264)
sbrooks@seyfarth.com
SEYFARTH SHAW LLP
975 F Street, NW
Washington, DC 20004
(202) 828-3560
Fax: (202) 641-9029
*Counsel for Defendant*

- 14 -

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 16th day of November, 2023, a copy of the foregoing

Answer to Complaint, was filed and served via CM/ECF on:

Ikechukwu Emejuru
Emejuru Law LLC
8403 Colesville Road, Suite 100
Silver Spring, MD 20910
iemejuru@emejurulaw.com
*Attorney for Plaintiff*

*/s/ Raymond C. Baldwin*
Raymond C. Baldwin

305870491v.3